IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
ENRIQUE RODRIGUEZ-LOPEZ,        *
     Petitioner,                *
                                *
                                *
          v.                    *
                                *    CIVIL NO. 08-2054(PG)
                                *    RELATED CRIM. 04-414(PG)
UNITED STATES OF AMERICA,       *
     Respondent.                *
```

**OPINION & ORDER**

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Petitioner's Memorandum in Support of his 28 U.S.C. Sec. 2255 (D.E. 4). Petitioner's Supplemental Memorandum in Support of Petition (D.E. 6). As well as the Government's Response (D.E. 7). Petitioner's Reply to the Government's Response (D.E. 8). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

**I. BACKGROUND**

On March 5, 2007, Petitioner Enrique Rodriguez-Lopez (hereinafter "Rodriguez-Lopez" or "Petitioner") plead guilty, pursuant to a Rule 11(c)(1)(B) Plea Agreement entered into with the Government, to count five (5) of the Second Superseding Indictment in which he was charged (Crim.D.E.577)[2].

Count five (5) charged: from on or about the year 2002, and continuing until September 29, 2005, in the District of Puerto Rico,

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 08-2054(PG)                                                   Page 2

and within the jurisdiction of this Court, Enrique Rodriguez-Lopez and twenty one (21) other co-defendants, the defendants herein, and the following co-conspirators not charged in this Second Superseding Indictment, that is, JOHAN MANON FELIZ and DICKSON ROMAN QUINONEZ did, knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons to the Grand Jury known and unknown, to commit an offense against the United States, to wit, to knowingly and intentionally possess with intent to distribute kilogram quantities of controlled substances, that is to say, five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, fifty (50) grams or more of cocaine base (crack cocaine), a Schedule II Narcotic Drug Controlled Substance, and one hundred (100) kilograms or more of marihuana, a Schedule I Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1)(Crim.D.E.48).

For purposes of the Plea Agreement entered into by Petitioner and the Government, Rodriguez-Lopez admitted his participation in the conspiracy to be in the possession with the intent to distribute a controlled substance cocaine, with a net weight of at least two (2) kilograms but less the three point five (3.5) kilograms of cocaine, during the course of the conspiracy (Crim.D.E. 577 at page 2).

Pursuant to the terms of the Plea Agreement the parties agreed to recommend to the Court a sentence for count five (5) of seventy eight (78) months of imprisonment if Rodriguez-Lopez's Criminal History Category was determined to be II.  If his Criminal History Category was determined to be III or higher the parties agreed to

recommend the lower end of the appropriate Sentencing Guideline (Crim.D.E. 577 at page 6).

Pursuant to the Plea Agreement Petitioner agreed that if the Court accepted the Plea Agreement and sentenced him according to its terms, conditions and recommendations, Rodriguez-Lopez would waive and surrender his right to appeal the judgment and sentence upon him (Crim.D.E. 577 at page 9).

On June 13, 2007, Rodriguez-Lopez's Sentencing Hearing was held (Crim.D.E. 685). Petitioner was sentenced in accordance with the recommendation made in the Plea Agreement, to a term of seventy eight (78) months of imprisonment, a Supervised Release Term of four (4) years and a Special Monetary Assessment of one hundred dollars ($100) (Crim.D.E. 685). Since the Court followed the sentencing recommendations Petitioner waived his right to appeal. Judgment was entered on June 18, 2007 (Crim.D.E. 693) No direct appeal was filed and Rodriguez-Lopez's conviction became final on June 28, 2007. Petitioner placed his section 2255 petition in the prison mail box on September 8, 2008, (D.E. 1 at page 13). Said petition is therefore untimely.

## II. DISCUSSION

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all

Civil No. 08-2054(PG)                                                    Page 4

section 2255 petitions filed after its effective date <u>Pratt</u> v. <u>United States</u>, 129 F.3d 54, 58 (1st Cir. 1997).

In the case at hand, taking the dates of entry of Judgment and reviewing the tolling in the light most favorable to Petitioner therefore assuming that Petitioner preserved a right to appeal, which he did not, following his guilty plea. His judgment of conviction became final ten days following entry of judgment. This would have been the allotted time limit for Petitioner to file his Notice of Appeal, <u>Kapral</u> v. <u>United States</u>, 166 F.3d 5665 (3d Cir. 1999).

Petitioner's Judgment was entered June 18, 2007, which means than on June 28, 2007, his conviction became final and the one (1) year statute of limitation began.

Therefore, Petitioner had until June 28, 2008, to timely file his section 2255 petition. However, Rodriguez-Lopez did not deposit his petition in the prison drop box until September 8, 2008, over a month after the one year statute of limitations had expired. Hence the same is time barred.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ENRIQUE RODRIGUEZ-LOPEZ**, is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred. Accordingly, it is ordered that petitioner **ENRIQUE RODRIGUEZ-LOPEZ's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.#1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

Civil No. 08-2054(PG)                                                                 Page 5

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S. C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th of February 2012.

Juan M. Pérez-Giménez
Senior United States District Judge